NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2375
_____

TIEKU ANNOR,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A203-298-017)
Immigration Judge:  Mirlande Tadal
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 28, 2020

Before:  AMBRO, PORTER and SCIRICA, <u>Circuit Judges</u>

(Opinion filed January 5, 2021)

_____

OPINION[*]
_____

PER CURIAM

Pro se petitioner Tieku Annor petitions for review of a final order of removal. For the reasons detailed below, we will deny the petition.

Annor is a citizen of Ghana. He first entered the United States in 2008, and then traveled back and forth between Ghana and the United States several times. In 2018, when he attempted to enter the United States once more, the Department of Homeland Security charged him with being inadmissible for seeking fraudulent admission and for not possessing valid entry documents. See 8 U.S.C. §§ 1182(a)(6)(C)(i) & (a)(7)(A)(i). Annor applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

During a hearing before an Immigration Judge (IJ), Annor conceded his removability and testified in support of his applications. He stated that, from 2000 to 2008, he had served as a bodyguard for former Ghanaian president Jerry Rawlings. In 2008, he was detained for three months and tortured; he did not detail who arrested him or for what purpose. He testified that he was arrested again in 2017 by the Delta Force (a group of special agents), held in an unmarked cell for seven days, and beaten, apparently in retaliation for his having worked for the former regime.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

The IJ denied Annor's claims, concluding that he had not testified credibly, he was subject to the persecutor bar,[1] and he was not entitled to CAT relief. The Board of Immigration Appeals (BIA) agreed with the IJ's reasoning, concluded that Annor's due-process rights had not been violated during the hearing, and dismissed the appeal. Annor filed a timely petition for review.

We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1). We review the BIA's legal determinations de novo and its factual findings for substantial evidence. Briseno-Flores v. Att'y Gen., 492 F.3d 226, 228 (3d Cir. 2007). In cases like this one, where "our Court is called to evaluate an IJ's credibility determination that has been adopted by the BIA, we do so with exceptional deference." Alimbaev v. Att'y Gen., 872 F.3d 188, 196 (3d Cir. 2017); see also 8 U.S.C. § 1252(b)(4)(B) (stating that the Court must uphold the agency's factual findings "unless any reasonable adjudicator would be compelled to conclude to the contrary").

At the outset, Annor argues that the IJ violated his due process rights by denying him a fair hearing, failing to help him develop his case and consider his evidence, and preventing him from applying for withholding of removal. However, he has failed to support these allegations: he has not explained how the IJ allegedly denied him a fair

---

[1] The persecutor bar renders an alien ineligible for asylum or withholding of removal if he "ordered, incited, assisted, or otherwise participated in the persecution of any person on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1158(b)(2)(A)(i), 1231(b)(3)(B)(i); see Negusie v. Holder, 555 U.S. 511, 513 (2009). Because the agency's adverse credibility determination is independently dispositive of these applications, we need not address the agency's reliance on the persecutor bar.

hearing or what evidence the IJ should have considered or elicited, and he in fact did apply for withholding relief. On our independent review of the record, Annor was not prevented from developing his claims or otherwise denied due process, see Serrano-Alberto v. Att'y Gen., 859 F.3d 208, 223 (3d Cir. 2017), and we will therefore deny the petition for review as to these claims.

Meanwhile, although the agency's adverse-credibility finding is dispositive of Annor's asylum, withholding-of-removal, and CAT claims, see Dia v. Ashcroft, 353 F.3d 228, 247 (3d Cir. 2003) (en banc); Zheng v. Gonzales, 417 F.3d 379, 383 (3d Cir. 2005),[2] Annor did not challenge it in his opening brief. He has therefore forfeited any challenge to this ruling. See Khan v. Att'y Gen., 691 F.3d 488, 495 n.4 (3d Cir. 2012).

We note that, even if Annor had not forfeited this challenge, substantial evidence supports the agency's credibility determination. As the agency explained, Annor's story changed dramatically from his credible-fear interview, where he claimed that he feared harm only from his aunt and her children and never mentioned being arrested or harmed based on his military service, see A.R. at 359–60, to his hearing before the IJ, where he raised the latter allegations and mentioned his aunt only in response to questioning from the Government's counsel, see A.R. at 320. Since his arrests and beating—allegedly by opponents of the former president—were so vital to the claim he ultimately presented, it was reasonable for the BIA to have expected him to have mentioned them earlier. See Xie v. Ashcroft, 359 F.3d 239, 243 (3d Cir. 2004); Dia, 353 F.3d at 249.

---

[2] Annor did not point to any evidence in the record outside his discredited testimony to support his CAT claim.

4

This discrepancy alone is sufficient to sustain the adverse-credibility determination, but it is further supported by some of the more minor inconsistencies that the BIA identified, such as Annor's stating during the credible-fear interview that he had a low rank in the military while testifying that he obtained a high rank, compare A.R. 327, with A.R. at 361; his failure to note in his asylum application that he had been arrested, see A.R. at 64; and his omission of the 2008 arrest from his affidavit, see A.R. 1027–28.

Accordingly, we will deny the petition for review.